# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD JEREMY ADAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-167-D ) |
| HECTOR RIOS JR. et al., | ) ) |
| Defendants. | ) |

## ORDER TO CURE

Now before the Court is Plaintiff Chad Jeremy Adams' Amended Complaint. *See* Amend. Compl., Doc. Nos. 1, 6 & Doc. No. 11 (granting Plaintiff's construed motion to amend and documenting Plaintiff's Amended Complaint as ECF No. 1, ECF No. 1-1, ECF No. 1-2, and ECF No. 6 (pages 7-34)). The Amended Complaint is over 600 pages in length and names approximately 39 persons as defendants.

The Federal Rules of Civil Procedure requires a litigant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, the allegations should succinctly inform each defendant "what [he or she] did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Here, however, the "sheer volume" of Plaintiff's Amended Complaint, and in particular its inclusion of extraneous and repetitive facts, hide any meaningful allegations to such a degree that the Amended Complaint "fail[s] to give the Defendants fair notice of the basis of the claims against them so they may respond, or allow this [C]ourt to conclude

the allegations, if proven, show [Plaintiff] . . . [is] entitled to relief." *Windsor v. Colorado Dep't of Corr.*, 9 F. App'x 967, 969 (10th Cir. 2001).

IT IS HEREBY ORDERED that Plaintiff shall file a second amended complaint that conforms to Rule 8(a)(2). In particular, Plaintiff should concentrate on informing the Court and each individual party *what* he or she did, *when* he or she did it, and *why* that particular conduct violated Plaintiff's rights. Plaintiff should use this Court's approved § 1983 Complaint form as it was intended[1] and be mindful of the statute of limitations.[2] Plaintiff is cautioned that further failure to comply with Rule 8(a)(2) may result in the Court's dismissal of Plaintiff's claims.

Additionally, Plaintiff has moved to stay all proceedings in this case for 180 days, citing recent surgery and upcoming criminal litigation. *See* Mot., Doc. No. 13. The motion is DENIED. However, based on the circumstances Plaintiff describes, the Court grants him until July 26, 2017 (i.e., 90 days from the date of this Order) to file his second amended complaint.

DATED this 27th day of April, 2017.

*Charles B. Goodwin*
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

[1] In his original filing, Plaintiff used only the first page of the Court's approved from for 42 U.S.C. § 1983 complaints. Compl. at 1.

[2] *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (explaining that, as relevant here, the limitations period for a 42 U.S.C. § 1983 claim is two years absent tolling).