# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHAD JEREMY ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-167-D |
| | ) | |
| HECTOR RIOS JR. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Chad Jeremy Adams commenced this civil action in February 2017 and soon thereafter filed an Amended Complaint. *See* Am. Compl. (Doc. Nos. 1, 6); Doc. No. 11 (documenting Plaintiff's Amended Complaint as ECF No. 1, ECF No. 1-1, ECF No. 1-2, and ECF No. 6 (pages 7-34)). This matter was referred to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636.

I.  *Background*

Plaintiff's Amended Complaint—which is over 600 pages in length, names approximately 39 persons as defendants, and includes extraneous and repetitive facts—did not provide "a short and plain statement of the claim[s]" being asserted, as required by Federal Rule of Civil Procedure 8(a). *See* Order of Apr. 27, 2017 (Doc. No. 14) at 1-2; Fed. R. Civ. P. 8(a)(2). Thus, the Court ordered Plaintiff to file a second amended complaint that conforms to Rule 8(a)(2). *See* Order of Apr. 27, 2017, at 2. Plaintiff was directed to properly use the Court's approved § 1983 Complaint form and cautioned: "[F]urther failure to comply with Rule 8(a)(2) may result in the Court's dismissal of

Plaintiff's claims." *Id.* Plaintiff was additionally granted leave to proceed *in forma pauperis*. *See* Order of Mar. 2, 2017 (Doc. No. 7).

In light of Plaintiff's release from state custody and other factors, Plaintiff's deadline to submit an amended pleading was extended to July 26, 2017. *See* Order of Apr. 27, 2017, at 2. As of that date, however, Plaintiff had submitted no pleading to the Court and has failed to otherwise prosecute his lawsuit or to pay the $264.04 balance due on his filing fee. Accordingly, the Court ordered that "Plaintiff shall have one final opportunity" to submit a second amended complaint to the Clerk of Court for filing. Order of Aug. 4, 2017 (Doc. No. 16) at 2. Plaintiff was directed to submit this filing "no later than August 18, 2017," and advised that failure to comply with this Court's directive "may result in dismissal of this action without prejudice." *Id.*

## II.   Discussion

As of this date, Plaintiff has submitted no further filings to the Court, and no payments have been submitted to the Clerk of Court either by Plaintiff or on Plaintiff's behalf. Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or

federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014); *Soboroff v. Doe*, 569 F. App'x 606, 608-09 (10th Cir. 2014); *Frey v. McCormack*, 150 F. App'x 848, 849-50 (10th Cir. 2005).

Plaintiff's failure to prosecute his action and to comply with the Court's Orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). Additionally, Plaintiff's lack of prosecution has left the Court unable to collect any of the remaining filing fee owed by Plaintiff or evaluate his ability to pay this fee. The Court has provided Plaintiff sufficient notice of the possibility of dismissal and opportunity to respond, as well an additional response opportunity through objection to this Report and Recommendation. *See* Order of Apr. 27, 2017; Order of Aug. 4, 2017; LCvR 5.4(a).

## RECOMMENDATION

Accordingly, the undersigned recommends that the Court dismiss this action without prejudice.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 26, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate

3

review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 5th day of September, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE